# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE C. THORNE, JR.,** | : | |
| **Plaintiff,** | : | |
| v. | : | 3:CV-17-00939 |
| **C/O HAMMER and SGT. CRYDER,** | : | **(Judge Mannion)** |
| | : | |
| **Defendants.** | | |
| | : | **(Magistrate Judge Arbuckle)** |

# M E M O R A N D U M

Pending before the court is the report and recommendation (Doc. 52) of Magistrate Judge William I. Arbuckle recommending that the Defendants', C/O Hammer and Sgt. Cryder, motion to dismiss (Doc. 46) Plaintiff Eugene Thorne's amended complaint (Doc. 45) be granted in part and denied in part. Neither the Defendants nor the Plaintiff filed objections to the report and recommendation, and the time within which to do so has expired. After having reviewed the record, the court will **ADOPT** the report and recommendation. Defendants' motion to dismiss Plaintiff's amended complaint will be **GRANTED** in part and **DENIED** in part.

## I. STANDARD OF REVIEW

1

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II. DISCUSSION**

Judge Arbuckle recommends that Defendants' motion to dismiss Plaintiff's amended complaint[1] be granted in part and denied in part because Plaintiff has pled certain acts sufficient to establish a viable claim of excessive force against the Defendants. (*See* Doc. 52, at 13-19). As stated by Judge Arbuckle, Plaintiff's claims are properly construed under 42 U.S.C. §1983 as Plaintiff: (1) indicated on his original complaint that he intended to bring his claims under § 1983 (*see* Doc. 1, at 1), (2) alleged a violation of his

---

[1] Judge Arbuckle reasonably notes that Plaintiff's amended complaint is deemed timely filed because Plaintiff's address was not properly updated despite his notification of a change in address. (*See* Doc. 43).

2

right to be free from excessive force as secured by the Eighth Amendment[2] (*see* Doc. 45, at 1), and (3) alleged that violation was committed by a person acting under color of state law (*see id.* at 2-8). *See Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) ("Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States.").

Plaintiff alleges that Defendants used excessive force against him because (1) Defendants verbally harassed him with racial slurs, (2) Defendants beat him in the ribs and forced his face into the concrete floor so hard that his teeth were damaged, and (3) Defendant Cryder placed his knee on the back side of his leg during a struggle and maced him unprovoked. (*See* Doc. 45, at 2-8). To state a claim for excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389,

---

[2] Judge Arbuckle correctly explains that even though it is unclear from the amended complaint whether Plaintiff's excessive force claims should be brought under the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee, "the resolution of this question is not necessary at the motion to dismiss stage," because excessive force claims under either Amendment are analyzed under the same standard. (Doc. 52, at 13 n.4). *See Fuentes v. Wagner*, 206 F.3d 335, 347 (3d Cir. 2000) (stating that the Eighth Amendment cruel and unusual punishments standards for convicted prisoners applies to a pretrial detainee's excessive force claims "*arising in the context of a prison disturbance.*") (emphasis in original)).

396-397 (2015). As the report provides, Plaintiff's claims of excessive force due to Defendants alleged use of racial slurs are insufficient to state a claim of excessive force. *See Todd v. Walters*, 166 F. App'x 590, 593 (3d Cir. 2006) (stating that verbal abuse is not actionable under §1983). Similarly, Plaintiff's claim of excessive force due to Defendant Cryder allegedly placing his knee on the back side of his leg during their struggle is insufficient to plead an excessive force claim because Plaintiff does not allege the amount of force used by Defendant Cryder or any injury that occurred from such action. *See Goenaga v. MacDonald*, No. 3:14-CV-2496, 2017 WL 1178072, at *4 (M.D. Pa. March 30, 2017) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). On the other hand, Plaintiff's other allegations, including (1) Defendants allegedly beating his ribs and forcing his face into the concrete floor with enough force to damage his teeth and (2) Defendant Cryder allegedly spraying mace in his face unprovoked, are sufficient to plead a claim of excessive force against Defendants. As explained by Judge Arbuckle, the scenario pled by Plaintiff, where Defendant Cryder and Plaintiff exchanged insults and minor confusion about processing Plaintiff ensured, does not rise to the level of disorder that may reasonably warrant the use of mace. *See Passmore v. Ianello*, 528 F. App'x 144, 147-48 (3d Cir. 2013) (collecting cases where the use of mace was considered reasonable

4

because it was used to subdue recalcitrant prisoners, prevent a riot, or escape); *see also Angeline v. Cmty. Educ. Centers, Inc.*, No. 13-CV-3492, 2014 WL 519201, at *2 (E.D. Pa. Feb. 10, 2014) (holding that the plaintiff had sufficiently plead an excessive force claim when he alleged that the defendant used mace and hit him in the mouth with enough force to dislodge two teeth while he was handcuffed).

Finally, Judge Arbuckle recommends that Plaintiff should not be given leave to amend his complaint because it would be futile. (Doc. 52, at 19). Third Circuit "precedent supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Based on the above, the court will not give Plaintiff the opportunity to amend his complaint again since it would be futile for him to do so.

**III. CONCLUSION**

As such, the report and recommendation of Judge Arbuckle will be **ADOPTED IN ITS ENTIRETY** (Doc. 52), and Defendants' motion to dismiss Plaintiff's amended complaint will be **GRANTED** in part and **DENIED** in part (Doc. 46). A separate order shall issue.

5

*s/ Malachy E. Mannion*
Malachy E. Mannion
United States District Judge

Dated: July 9, 2020
17-939-01